I conclude that, given all the facts and circumstances the officer possessed when he seized the crack cocaine, he had sufficient probable cause to make the seizure, and I conclude that the Court of Criminal Appeals properly analyzed the facts and the applicable law and properly applied that law in this case. On the contrary, I believe that the majority incorrectly interprets the provisions of the Fourth Amendment as interpreted by the Supreme Court of the United States in Minnesota v.Dickerson, 508 U.S. 366 (1993). See, also, Illinois v. Wardlow,528 U.S. 119, 120 S.Ct. 673 (2000), where the United States Supreme Court upheld a search and seizure involving illegal drugs based upon all the facts and attendant circumstances shown in that case. InWardlow, the United States Supreme Court stated the facts as follows:
 "On September 9, 1995, Officers Nolan and Harvey were working as uniformed officers in the special operations section of the Chicago Police Department. The officers were driving the last car of a four car caravan converging on an area known for heavy narcotics trafficking in order to investigate drug transactions. The officers were traveling together because they expected to find a crowd of people in the area, including lookouts and customers.
 "As the caravan passed 4035 West Van Buren, Officer Nolan observed respondent Wardlow standing next to the building holding an opaque bag. Respondent looked in the direction of the officers and fled. Nolan and Harvey turned their car southbound, watched him as he ran through the gangway and an alley, and eventually cornered him on the street. Nolan then exited his car and stopped respondent. He immediately conducted a protective pat-down search for weapons because in his experience it was common for there to be weapons in the near vicinity of narcotics transactions. During the frisk, Officer Nolan squeezed the bag respondent was carrying and felt a heavy, hard object similar to the shape of a gun. The *Page 99 
officer then opened the bag and discovered a .38-caliber handgun with five live rounds of ammunition. The officers arrested Wardlow."
528 U.S. at 121-22, 120 S.Ct. at 674-75. The issue in Wardlow was whether Officer Nolan was justified in conducting a stop-and-frisk search of Wardlow under Terry v. Ohio, 392 U.S. 1 (1968). The United States Supreme Court determined that he was.
I believe the facts and circumstances of this case are analogous to those set out in Wardlow. Consequently, I must respectfully dissent.